United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LESLIE EDWARD WALKER, and ELAHE S. WALKER,<br><br>  Plaintiffs,<br><br>  v.<br><br>BAYVIEW LOAN SERVICING, LLC, and BANK OF AMERICA, N.A.,<br><br>  Defendants. | Case No. 20-cv-02944-LB<br><br>**ORDER GRANTING BAYVIEW'S MOTION TO DISMISS**<br><br>Re: ECF No. 9 |

**INTRODUCTION**

This dispute concerns the modification of a residential-mortgage loan. In 2017, Ditech Financial, LLC approved a trial plan that required the plaintiffs Leslie and Elahe Walker to make three monthly payments, and then the loan modification would be permanent. The plaintiffs made the three payments and all monthly payments thereafter and now (apparently) challenge the alleged failure of the successor servicers — defendants Bayview Loan Servicing, LLC and Bank of America, N.A. — to permanently modify the loan. They assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, intentional infliction of emotional distress, and violations of California's Unfair Competition Law ("UCL"), California

ORDER – No. 20-cv-02944-LB

Business and Professions Code § 17200.[1] Bayview moved to dismiss the complaint on the grounds that (1) the plaintiffs did not plausibly plead damages for their claims of breach of contract and the implied covenant of good faith and fair dealing, (2) the plaintiffs did not plausibly plead breach of a duty or negligence per se, (3) the plaintiffs did not allege the outrageous and extreme conduct that is intentional infliction of emotional distress, and (5) the plaintiffs lack standing and do not plausibly plead a UCL claim under any prong.[2]

The court grants the motion.

## STATEMENT

### 1. Background

The plaintiffs own property in Danville, California, that is subject to a mortgage.[3] In February 2016, the plaintiffs sent their loan servicer, Residential Credit Solutions, Inc., a loan-modification application.[4] Residential Credit recorded a notice of default that month, initiating the nonjudicial foreclosure process.[5] Then, Ditech Financial, LLC began servicing the loan and allegedly dual-tracked the loan, in violation of HBOR, by simultaneously reviewing the loan-modification application and pursuing the foreclosure, and the plaintiffs sued Ditech.[6] The parties dismissed that lawsuit pursuant to a loan-modification agreement where the plaintiffs would make three monthly payments starting in May 2017 and then the plaintiffs' mortgage would be "permanently modified."[7] The plaintiffs made the payments but did not receive the loan modification.[8] As of September 1, 2017, Bayview began servicing the loan.[9] The plaintiffs filed another lawsuit in state

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 9 at 9–15.

[3] Compl. – ECF No. 1 at 10 (¶ 1), 11 (¶ 10).

[4] *Id.* at 11 (¶ 10).

[5] *Id.*

[6] *Id.* at 11–12 (¶¶ 13–16); *Walker v. Ditech Financial, LLC.*, Case No. 4: 16-cv-03084-KAW.

[7] Compl. – ECF No. 1 at 12 (¶ 17).

[8] *Id.* (¶ 18).

[9] *Id.* (¶ 19).

ORDER – No. 20-cv-02944-LB          2

1 court against Ditech and Bayview about their disputes.[10] Ultimately, the plaintiffs dismissed
2 Ditech and entered into a settlement agreement with Bayview for a permanent loan modification
3 (effective as of August 1, 2017) whereby the loan balance was increased from $637,579.97 to
4 $856,211.12, the plaintiffs' monthly payments were $3,397.57 (beginning in December 2018), and
5 Bayview "deferred and waived the accrual of interest on $58,186.00 of that amount [presumably
6 the $856,211.12] until December 1, 2025."[11] Bayview said at the hearing that the loan-
7 modification and settlement agreements have fee provisions.

In January 2019, the plaintiffs "made the first (of many) requests" to Bayview for monthly loan statements (pursuant to 12 C.F.R. § 1026.41).[12] In May 2019, the plaintiffs received a statement (for the first time) stating that $56,911.65 was due by June 1, 2019.[13]

On May 7, 2019, the plaintiffs called Bayview and spoke to a customer-service representative, who said that the next payment was $56,911.65 and that property-inspection and legal fees had been added to the loan balance.[14] A supervisor named Latoya confirmed this information, and when the plaintiffs asked why the amount was $56,911.65 instead of the agreed-to monthly payment, she suggested that the plaintiffs obtain legal representation.[15]

On May 20, 2019, the plaintiffs sent Bayview a Qualified Written Request, pursuant to 12 U.S.C. § 2605, the Real Estate Settlement Procedures Act ("RESPA").[16] RESPA requires loan servicers to respond to Qualified Written Requests within 30 days.[17] Bayview responded on June 14, 2019, and said that the amount was correct.[18] The plaintiffs hired a lawyer and sent a second

---

[10] *Id.* at 14 (¶ 30); *Walker v. Ditech Financial, LLC*, No. MSC17-02165.

[11] Compl. – ECF No. 1 at 14 (¶¶ 32–36).

[12] *Id.* (¶ 37).

[13] *Id.* at 15 (¶¶ 38–39).

[14] *Id.* (¶¶ 40–41).

[15] *Id.* (¶¶ 42– 43).

[16] *Id.* (¶ 44).

[17] *Id.* at 15–16 (¶ 45–46).

[18] *Id.* at 16 (¶ 47).

Qualified Written Request on September 9, 2019, notifying Bayview about the settlement terms and asserting that they needed to be included in the terms of the loan modification.[19] Bayview confirmed receipt of the plaintiffs' second Qualified Written Request on September 17, 2019.[20]

In November 2019, the plaintiffs "were informed" that Bank of America would be the loan servicer.[21] The plaintiffs' first monthly statement from Bank of America stated that they owed $53,504 plus the actual monthly payment.[22]

## 2. Procedural History

The plaintiffs filed the lawsuit in the Superior Court for Contra Costa County on January 23, 2020.[23] Invoking the court's diversity jurisdiction, Bayview removed the case to federal court and then moved to dismiss the complaint.[24] All parties have consented to the undersigned's jurisdiction.[25] The court held a hearing on June 11, 2020.[26]

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is

---

[19] *Id.* (¶¶ 48–51).

[20] *Id.* (¶ 52).

[21] *Id.* (¶ 53).

[22] *Id.* (¶ 54).

[23] *Id.* at 1 (¶ 1).

[24] *Id.*; Mot. – ECF No. 9. Bayview also invokes the court's federal-question jurisdiction on the ground that the negligence claims are based on California Evidence Code § 669(a), which in turn is predicated on RESPA. But the cases that it cites do not support that conclusion. All involved violations of federal statutes. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (Labor Management Relations Act § 301); *Taylor v. Nelson*, No. Civ. A. 02-6558, 2006 WL 266052, at *2 (E.D. Pa. Jan. 31, 2006) (RESPA and other federal statutes and regulations); *Sicinski v. Reliance Funding Corp.*, 461 F. Supp. 649, 650–52 (S.D.N.Y. 1978) (RESPA and TILA). Because the court has diversity jurisdiction (the parties are diverse, and it is undisputed that the amount-in-controversy requirement is met by the damages and attorney's fees), the court does not reach the federal-question issue. *J. Marymount, Inc. v. Bayer Healthcare, LLC*, No. C 09-03110-JSW, 2009 WL 4150126, at *2 (N.D. Cal. Nov. 30, 2009) (amount in controversy includes fees if recoverable by statute or contract and punitive damages if recoverable as a matter of law). Bank of America filed a joinder on May 8, 2020. Joinder – ECF No. 12.

[25] Consent Forms – ECF Nos. 10, 15, & 16.

[26] Minute Entry – ECF No. 24.

ORDER – No. 20-cv-02944-LB                 4

entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (citations and internal quotation marks omitted).

## ANALYSIS

The plaintiffs claim (1) breach of contract, for violating the settlement agreement, (2) breach of the covenant of good faith and fair dealing, on the same ground, (3) negligence and negligence per se for violating duties of care owed under 12 C.F.R. §§ 1026.41 *et seq.*, and 12 U.S.C. §§ 2605 *et seq.*, (4) intentional infliction of emotional distress, and (5) a violation of the UCL, for creating

the allegedly false statements about the loans.[27] Bayview moved to dismiss the complaint on the grounds that (1) the plaintiffs did not plausibly plead damages for their claims of breach of contract and the implied covenant of good faith and fair dealing, (2) the plaintiffs did not plausibly plead breach of a duty or negligence per se, (3) the plaintiffs did not allege the outrageous and extreme conduct that is intentional infliction of emotional distress, and (5) the plaintiffs lack standing and do not plausibly plead a UCL claim under any prong.[28]

The court grants the motion.

### 1. Breach of Contract

Bayview move to dismiss claim one for breach of contract on the ground that the plaintiffs did not allege damages.[29] The court grants the motion.

To state a claim for breach of contract, a plaintiff must show the following: (1) a contract existed; (2) the plaintiff performed his duties or was excused from performing his duties under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result of that breach. *See First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

The plaintiffs allege that Bayview breached their settlement agreement by failing to implement the permanent loan modification, "defer and waive" interest, and limit the plaintiffs' monthly payment to $3,394.57.[30] The bank added property-inspection and legal fees to the loan balance.[31] The plaintiffs also obtained legal representation and "have incurred and will incur costs and reasonable attorneys' fees."[32] The court is not certain that this is the theory of damages. If it is, bank fees and attorney's fees may be enough. *See Rockridge Trust v. Wells Fargo NA*, No. 13–cv–01457–JCS, 2014 WL 688124, at *12 (N.D. Cal. Feb. 19, 2014); *Peterson v. Wells Fargo Bank,*

---

[27] Compl. – ECF No. 1 at 17–22 (¶¶ 56–87); Mot. – ECF No. 9.

[28] Mot. – ECF No. 9 at 9–15.

[29] *Id.* at 9–10.

[30] Compl. – ECF No. 1 at 14 (¶¶ 34–36).

[31] *Id.* (¶¶ 40–41).

[32] *Id.* at 15 (¶ 43), 16 (¶ 48), 17 (¶ 61).

*N.A.,* No. 13–03392, 2014 WL 3418870, at *5 (N.D. Cal. July 11, 2014). The plaintiffs are (perhaps purposefully) vague about damages: "Plaintiffs have suffered, and will continue to suffer damages, the exact amount of which have not fully been ascertained . . . [and include] incidental and consequential damages[, and they] have further been forced to retain a law firm and have incurred" costs and attorney's fees.[33]

The allegations about damages are vague and grounded only in the fact allegation that the plaintiffs received loan statements that had the wrong amount due. The loan statements here apparently were corrected.[34] The plaintiffs specify no other facts, such as whether they paid anything more than their settlement agreement and loan modification required. There were no foreclosure proceedings. By alleging only a loan statement with the wrong amount due, the plaintiffs do not plausibly plead damages, and the court grants the motion to dismiss the contract claim.

### 2. Breach of the Implied Covenant of Good Faith and Fair Dealing

Because the court dismisses the breach-of-contract claim, it dismisses this claim too.

### 3. Negligence and Negligence Per Se Claims

Lenders generally do not owe borrowers a duty of care unless their involvement in a transaction goes beyond their "conventional role as a mere lender of money." *See, e.g., Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1095–96 (1991). Still, "*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower." *Alvarez v. BAC Home Loans Servicing, L.P.,* 228 Cal. App. 4th 941, 945 (2014). A duty may arise even where the lender remains within its "conventional role" of merely loaning money. *Id.* For example, in *Alvarez*, the court held that in light of HBOR, once a mortgagee undertakes to

---

[33] *Id.* at 17 (¶ 61).

[34] Bank of America Mot. – ECF No. 22 at 14.

ORDER – No. 20-cv-02944-LB       7

consider a loan-modification request, it owes the borrower a duty to use reasonable care in handling that request. *Id.* at 945–52.

The problem here — again — is that the plaintiffs allege only that they received a statement that showed a loan payment inconsistent with their loan-modification agreement as imbedded in their settlement agreement. The other allegations are conclusions, not facts. The plaintiffs do not plausibly allege breach of any duty and thus do not plausibly plead negligence.

For the claim of negligence per se, the failure of a person to exercise due care is presumed if (1) he violates a statute, ordinance, or regulation of a public entity, (2) the violation proximately cause death or injury to a person or property, (3) the death or injury resulted from an occurrence that the statute, ordinance, or regulation was designed to prevent, and (4) the person suffering the death or injury was in the class of person that the statute, ordinance, or regulation was designed to protect. Cal. Evid. Code § 669(a); *Capalungo v. Bondi*, 179 Cal. App. 346, 349 (1986). The plaintiffs do not plausibly plead a RESPA or other violation (and thus do not plead any predicate statutory violation) and plead only that Bayview did not respond to a Qualified Written Request. Even if that were a statutory claim, the plaintiffs did not plead damages.

The court dismisses the claim.

**4. Intentional Infliction of Emotional Distress**

Bayview moves to dismiss the claim for intentional infliction of emotion distress on the ground that the plaintiffs did not plead extreme or outrageous conduct.[35] The court grants the motion.

In California, the elements of a cause of action for intentional infliction of emotional distress are as follows: (1) "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress;" (2) the plaintiff suffered severe or extreme emotional distress; and (3) "actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Kelley v. Conco Cos.*, 196 Cal. App.

---

[35] Mot. – ECF No. 9 at 13.

4th 191, 215 (2011). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotation marks omitted).

The plaintiff alleges only that Bayview sent incorrect loan statements. The other allegations are conclusory. This is not extreme or outrageous conduct. *Cf. Erlich v. Menezes*, 21 Cal. 4th 543, 554 (1999) ("[A] preexisting contractual relationship, without more, will not support a recovery for mental suffering where the defendant's tortious conduct has resulted only in economic injury to the plaintiff.").

The court dismisses the claim.

### 5. UCL Claims

The plaintiffs did not allege damages plausibly and thus do not have standing for any UCL claim. Cal. Bus. & Prof. Code § 17204; *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 523 (2013). There are no predicate unlawful acts. There are no allegations about fraud, let alone particular allegations about the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).

The court dismisses the claim.

## CONCLUSION

The court grants the motion to dismiss. The plaintiffs may file an amended complaint by June 25, 2020. If they do, they must file as an attachment a blackline of their amended complaint against the original complaint.

This disposes of ECF No. 9.

**IT IS SO ORDERED.**

Dated: June 11, 2020

_____
LAUREL BEELER
United States Magistrate Judge